UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNY R.,

              Plaintiff,

v.                                                                                  5:20-CV-1611
                                                                                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>  Counsel for the Plaintiff<br>250 South Clinton Street<br>Suite 210<br>Syracuse, New York 13202 | ALEXANDER C. HOBAICA, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | MICHAEL L. HENRY, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on March 9, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)   Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is DENIED.

2)   Defendant's motion for judgment on the pleadings (Dkt. No. 14) is GRANTED.

3)   The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)   Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)   The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 11, 2022
      Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JENNY R.R.,

                         Plaintiff,

vs.                                            5:20-CV-1611

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------------x
```

*DECISION* - March 9, 2022

the HONORABLE MIROSLAV LOVRIC

United States Magistrate Judge, Presiding


APPEARANCES (by telephone)

For Plaintiff:    OLINSKY LAW GROUP
                  250 South Clinton Street
                  Syracuse, NY 13202
                    BY:  ALEXANDER CHARLES HOBAICA, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  15 New Sudbury Street
                  Boston, MA 02203
                    BY:  MICHAEL L. HENRY, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1    THE COURT:  Well, as the Court indicated, it is my
2    intention to set forth in the record today the Court's
3    decision.  And having reviewed the briefs filed by both
4    parties, the Administrative Transcript record, and also
5    incorporating the arguments presented here today by the
6    parties, the Court begins as follows.
7        Plaintiff commenced this proceeding pursuant to
8    Title 42 U.S. Code Section 405(g) to challenge the adverse
9    determination by the Commissioner of Social Security finding
10   that she was not disabled at the relevant times and therefore
11   ineligible for the benefits that she sought.
12       The background of this case is as follows.
13       Plaintiff was born in 1965.  She is currently
14   approximately 56 years of age.  She was 47 years old at the
15   alleged onset of her disability on May 1 of 2013.
16       At the time of the administrative hearing on
17   December 20, 2017, Plaintiff had six children ranging in ages
18   from 20 to 31, but only her 20-year-old daughter lived with
19   her in a second floor apartment in Syracuse.  Plaintiff is
20   separated from her husband.
21       Plaintiff stands approximately 5 feet, 6 inches,
22   and weighs approximately 200 pounds.
23       Plaintiff left school during or after ninth grade
24   but can read and write and do basic math.
25       Plaintiff last worked in November of 2011.  She has

1  past relevant work appearance as a cashier, library page, and
2  library clerk.
3  Plaintiff suffers from residual spinal stenosis and
4  lumbar back issues which has also resulted in numbness and
5  pain in her leg. She testified that she uses a back brace
6  and walker. She suffers from obesity, asthma, and headaches.
7  She has been diagnosed with PTSD, ADD and ADHD. She was
8  institutionalized when she was a teen. She also has a
9  history of cutting herself, flashbacks, anger, anxiety, and
10 stress.
11 Plaintiff is prescribed Albuterol, oxycodone,
12 hydroxyzine, Klonopin, Adderall and gabapentin.
13 Plaintiff's activities of daily living include
14 taking the bus and getting rides when necessary because she
15 does not have a driver's license. She testified that she
16 leaves home approximately two times per week. She likes to
17 drink coffee, read, listen to music, make videos, take care
18 of her daughter, dress, bathe, cook, prepare food, clean, do
19 laundry, and shop.
20 The procedural history of this case is as follows.
21 Plaintiff applied for Title II benefits on May 11,
22 2015, alleging an onset date of May 1, 2013.
23 In support of her claim for disability benefits,
24 Plaintiff claims disability based on PTSD and ADD.
25 Administrative Law Judge Gretchen Mary Greisler

conducted a hearing on December 20, 2017, to address Plaintiff's application for benefits.  See Transcript Administrative Record at pages 27 through 57.

ALJ Greisler issued an unfavorable decision on January 25, 2018.  See Transcript pages 12 through 22.

The Social Security Administration Appeals Council denied Plaintiff's application for review on October 24, 2018.  See Transcript page 1.

Plaintiff appealed to the Northern District of New York on December 17, 2018.  On March 12, 2020, the Honorable David E. Peebles granted Plaintiff's motion for judgment on the pleadings and remanded the case.  See Transcript pages 733 to 735, and also at page 751.  More specifically, Judge Peebles held that the ALJ was not properly appointed under the Appointments Clause and remanded with assignment to another ALJ.  In addition, Judge Peebles noted, *inter alia*, that (1) the ALJ discounted the medical opinions addressing the physical components of the RFC because they were too close to Plaintiff's surgery, but failed to fill that gap in the Administrative Record, and (2) Judge Peebles noted the ALJ failed to address the *Burgess* factors pursuant to 20 C.F.R. Section 404.1527, and (3) Judge Peebles noted the ALJ failed to discuss whether the assistive device was medically prescribed and why the use of an assistive device was rejected in the hypothetical to the vocational expert.  See

1    Transcript at pages 746 through 748.
2             The Appeals Council reassigned Plaintiff's case to
3    another ALJ on June 9, 2020.  See Transcript page 755.
4             ALJ Bruce S. Fein conducted a hearing on October 8,
5    2020.  See Transcript 679 through 657.
6             ALJ Fein issued a partially favorable decision on
7    October 27 of 2020.  Transcript 614 through 629.  This became
8    a final determination of the Agency pursuant to 20 C.F.R.
9    Section 404.984, and that's subsections (c) through (d).
10            This action was commenced thereafter on
11   December 20th of 2020 and it is timely.
12            In his decision, ALJ Fein applied the familiar
13   five-step test for determining disability.  See Transcript
14   614 through 629.  At the outset, ALJ Fein concluded that a
15   prior application decided on May 12, 2014, was not subject to
16   reopening, causing the relevant period for this matter to
17   begin on May 13 of 2014.  See Transcript 614 to 615.
18            Then, ALJ Fein considered two separate time
19   periods.  With respect to the time period May 13, 2014
20   through November 16, 2015, during which Plaintiff was under a
21   disability, ALJ Fein concluded:
22            At step one, that Plaintiff had not engaged in
23   substantial gainful activity since May 13, 2014, the date
24   Plaintiff became disabled.
25            At step two, that the period during which Plaintiff

1  was under a disability, she had severe impairments of PTSD,
2  ADHD, and lumbar disc protrusions with stenosis status post
3  L2 through S1 laminectomy and fusion.  The ALJ noted that
4  Plaintiff's obesity and asthma conditions had no more than a
5  minimal effect on her ability to perform work.
6          At step three, that the period during which
7  Plaintiff was disabled, the severity of Plaintiff's
8  impairments medically equaled the criteria of Section 12.15
9  of 20 C.F.R. Part 404, Subpart P, Appendix 1.
10         As a result, ALJ Fein concluded that Plaintiff was
11 under a disability, as defined in the Social Security Act,
12 from May 13, 2014, through November 16, 2015.
13         Now, with respect to the time period November 17,
14 2015, through December 31, 2016, the date last insured,
15 ALJ Fein concluded as follows:
16         That Plaintiff had not developed any new impairment
17 or impairments since November 17, 2015, the date Plaintiff's
18 disability ended.  Therefore, Plaintiff's current severe
19 impairments are the same as those present from May 13, 2014,
20 through November 16, 2015.
21         At step three, ALJ Fein found that beginning
22 November 17, 2015, Plaintiff has not had an impairment or
23 combination of impairments that meet or medically equaled the
24 severity of any impairment listed in 20 C.F.R.
25 404.1594(f)(2), focusing on Listing 1.04 which deals with

1  disorders of the spine, also Listing 12.11 that deals with
2  neurodevelopmental disorders, and Listing 12.15 that deals
3  with trauma and stressor related disorder.
4           ALJ Fein continued by finding that between steps
5  three and four, that medical improvement occurred as of
6  November 17, 2015, the date Plaintiff's disability ended.
7  The medical improvement that occurred is related to the
8  ability to work because Plaintiff no longer has an impairment
9  or combination of impairments that meet or medically equal
10 the severity of a listing.
11          The ALJ also found that Plaintiff retains the
12 residual functional capacity, known as RFC, to perform less
13 than the full range of light work as defined in 20 C.F.R.
14 404.1567(b) because she could lift and carry 10 pounds
15 frequently and 15 pounds occasionally.  She could sit for six
16 hours and stand or walk for four hours.  She could not climb
17 ladders, ropes and scaffolds, but could occasionally climb
18 ramps and stairs, balance, stoop, kneel, crouch and crawl.
19 The ALJ found that she should avoid concentrated exposure to
20 heights, hazardous machinery, and pulmonary irritants.  The
21 ALJ also concluded she was limited to simple, routine,
22 repetitive tasks in a low stress job.  She could have
23 occasional interaction with the public, co-workers, and
24 supervisors.
25          The ALJ found at step four that Plaintiff could not

1  perform her past relevant work as a library clerk and
2  cashier.  The ALJ therefore proceeded to step five.
3           At step five, based on Plaintiff's age, education,
4  work experience, and RFC, the ALJ found there are jobs that
5  exist in significant numbers in the national economy that she
6  can perform.  More specifically, based on the vocational
7  expert's testimony, the ALJ concluded that Plaintiff could
8  perform the requirements of representative occupations such
9  as microfilm mounter, electric sealing machine operator, and
10 assembler of small products, category I.  The ALJ concluded
11 that Plaintiff's disability ended November 17, 2015, and
12 therefore concluded that she has not become disabled again
13 since then.
14          Now, this Court's review today, as you know, and my
15 functional role in this case is limited and extremely
16 deferential.  I must determine whether correct legal
17 principles were applied and whether the determination is
18 supported by substantial evidence, which is defined as such
19 relevant evidence as a reasonable mind would find sufficient
20 to support a conclusion.  And as counsel know, the Second
21 Circuit noted in *Brault v. Social Security Administration*
22 *Commissioner* case, that can be found at 683 F.3d 443, a 2012
23 case, the standard is demanding, more so than the clearly
24 erroneous standard.  The Court noted in *Brault* that once
25 there is a finding of fact, that fact can be rejected only if

1  a reasonable factfinder would have to conclude otherwise.
2           Now, in this case Plaintiff raises two contentions:
3           First, Plaintiff argues that the ALJ failed to
4  properly explain his finding of medical improvement, which is
5  thus not supported by substantial evidence.
6           Second, Plaintiff argues that substantial evidence
7  does not support the ALJ's assessment of Plaintiff's
8  subjective complaints.
9           Now, the Court's analysis is as follows.
10          First, I find that substantial evidence supports
11 the ALJ's determination finding of medical improvement.  The
12 ALJ gave considerable weight to Plaintiff's last regular
13 psychiatric treatment exam on September 15th, 2015, by
14 Dr. Dennis Noia, who opined that plaintiff had no limitations
15 in understanding, following simple instructions and
16 directions, performing tasks, maintaining attention and
17 concentration for tasks, attending to a routine and
18 maintaining a schedule, and also as to learning new tasks and
19 making appropriate decisions, but had a moderate to marked
20 restriction in her ability to deal with stress.  This finding
21 by the ALJ can be found at Transcript 620, and also citing
22 Transcript pages 434 to 438.
23          In addition, the ALJ assigned significant weight to
24 the opinion of Dr. Glenn Griffin, a non-examining state
25 consult who provided expert testimony.  Dr. Griffin testified

1  that from May 1, 2013, through December 31, 2016, there was
2  sufficient evidence of record for him to formulate an expert
3  opinion as to Plaintiff's medical status.  The ALJ relied on
4  Dr. Griffin's testimony that from November 2012, through
5  November 16, 2015, Plaintiff, quote, unquote, "Had a mild
6  limitation in understanding, remembering and applying
7  information; a marked limitation interacting with others; a
8  marked limitation concentrating, persisting and maintaining
9  pace; and a moderate limitation in adapting or managing
10 oneself."  That can be found at Transcript page 620, also
11 citing 689 to 691.
12          For the period from November 17, 2015, until
13 December 31, 2016, the ALJ relied on Dr. Griffin's testimony
14 concluding that the record was silent for several years after
15 November 16, 2015.
16          Also, plaintiff's testimony that she was discharged
17 from Brownell for missing appointments because she was
18 homeless, but then clarifying that she actually lived with
19 relatives and missed appointments at Brownell because she did
20 not want to go.
21          Additionally, the fact that when Plaintiff resumed
22 mental health treatment in August 2020, her housing situation
23 was the same, she was residing with relatives.
24          Furthermore, records from the March 2017 emergency
25 department visit for dental pain, during which Plaintiff

denied confusion or dysphoric mood, she was oriented, and she exhibited a normal mood and affect. See Transcript at 620, citing Transcript at 501.

Furthermore, records from the December 2018 ER visit for back pain where she had normal mood, affect, and behavior, and was oriented to person, place and time. Transcript page 623, citing Transcript at 943.

Furthermore, medical records from Plaintiff's visit in December 2019 to Dr. Tucker M. Harris, an ear, nose and throat specialist, during which she denied depression, anxiety and disorientation. That's at Transcript 623, citing Transcript 1123 to 1126. Plaintiff was well groomed, her voice was clear, she was oriented to person, place and time, her affect was pleasant, and her mood was calm.

Also relying on records from the June 2020 ER visit for wrist pain during which her behavior, thought content, and judgment were normal. In addition, Plaintiff was oriented to person, place and time. See Transcript 623, citing 945 to 947.

Also relying on records from August of 2020, when Plaintiff resumed mental health treatment and stated that she had a history of being a cutter, but she had no concerns for cutting behavior; she denied suicidal or homicidal intent; she stated that she grocery shopped and cleaned; she spoke with a friend almost daily; that she was an avid reader who

1    loved nature, animals and music; that she made videos for her
2    family; she was cooperative; her mood was anxious but her
3    affect was within normal limits; her speech was clear; her
4    thought process was concrete; her perception and thought
5    control were within normal limits; she had no hallucinations
6    or delusions, her cognition was within normal limits;
7    intelligence was estimated to be average; judgment was within
8    normal limits.
9              Therefore, the ALJ's findings that Plaintiff
10   improved is supported by substantial evidence based upon the
11   summary that the Court just provided.
12             In reaching this conclusion, I make no
13   determination with respect to Defendant's alternative
14   argument that Plaintiff invited the error with Ms. Schmidt's
15   representations to the ALJ.  However, I will note for the
16   record that in case *Rick F.*, that's found at 2020 WL 7264068,
17   quote, "The record clearly showed that plaintiff, both
18   personally and through Ms. Schmidt, amended his open-ended
19   disability claim to a closed period disability claim.
20   Furthermore, Plaintiff repeatedly requested that the ALJ only
21   find him disabled for a closed period, and conceded that he
22   had performed SGA after the closed period ended."
23             Here, unlike in the *Rick F.* case, the record is
24   silent as to Plaintiff's personal acceptance of Ms. Schmidt's
25   theory of the case.  In addition, Ms. Schmidt's

1   representation to the ALJ here sounded more like a vague
2   statement regarding her strategic theory of the case, as
3   opposed to the concrete procedural decision to alter the time
4   period that Plaintiff was seeking benefits for.
5           With respect to Plaintiff's second argument,
6   substantial evidence supports the ALJ's assessment of
7   Plaintiff's subjective complaints.  First, the ALJ concluded
8   that Plaintiff's medically determinable impairments could
9   reasonably be expected to produce the alleged symptoms but
10  that Plaintiff's statements concerning the intensity,
11  persistence, and limiting effects of those symptoms are not
12  entirely consistent with the medical evidence and other
13  evidence in the record.  See Transcript page 625.
14          For the reasons stated in Defendant's brief, I find
15  Plaintiff's argument structure and word choice confusing.  I
16  nonetheless reject to Defendant's argument that Plaintiff
17  waived this argument.  However, I find that the ALJ
18  supportably concluded that Plaintiff's subjective allegations
19  were not entirely consistent with the record.
20          As Defendant highlights, the ALJ appears to merely
21  have summarized Plaintiff's testimony about her daily
22  activities without drawing an adverse inference about why a
23  hospital physician would have documented Plaintiff's
24  employment as a painter when she allegedly had not done any
25  painting in approximately two years.

1   With respect to Plaintiff's physical functioning,
2 the ALJ focused on the medical records, which reflected
3 improvement within two months of surgery, that Plaintiff
4 could get around well and was not using the walker in her
5 home, and that Plaintiff had not followed up with Dr. Moquin
6 in a long time.
7   In addition, Dr. Kendrick reviewed Plaintiff's
8 medical records and provided testimony that Plaintiff could
9 tolerate a range of sedentary to light work despite her pain
10 and other symptoms, which was consistent with the RFC
11 assessment.
12   Based on all of that and as a result of the
13 analysis provided by the Court, I therefore find Plaintiff's
14 motion for judgment on the pleadings is denied; Defendant's
15 motion for judgment on the pleadings is granted; Plaintiff's
16 complaint is dismissed; and the Commissioner's decision
17 denying Plaintiff benefits is hereby affirmed.
18   That constitutes the decision and analysis of the
19 Court.  As I indicated, I will set forth in the docket a
20 summary order and I will append to it a transcript of the
21 decision that I just set forth here on the record.  That
22 concludes our hearing for today.  I thank both parties for
23 excellent brief and argument and Court stands adjourned.
24   Take care, everyone.  Have a good rest of the day.
25       *       *       *

```
 1
 2                    C E R T I F I C A T I O N
 3
 4          I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
 5   Realtime Court Reporter, in and for the United States
 6   District Court for the Northern District of New York,
 7   do hereby certify that pursuant to Section 753, Title 28,
 8   United States Code, that the foregoing is a true and correct
 9   transcript of the stenographically reported proceedings held
10   in the above-entitled matter and that the transcript page
11   format is in conformance with the regulations of the
12   Judicial Conference of the United States.
13
14
15
16                       _____
                              *Eileen McDonough*
17                       EILEEN MCDONOUGH, RPR, CRR
                         Federal Official Court Reporter
18
19
20
21
22
23
24
25
```